7882

## JOHNSON v. LAWRENCE.

REAL PROPERTY—SPECIFIC PERFORMANCE.—Where A. contracts in writing
to deliver to B. the possession of a tract of land on which is located
a house in which C. is doing a mercantile business on condition that
B. buy the stock of goods from C. and come in possession of them,
and B. buys at full value the goods, A. may be required to
specifically perform his agreement with B.

Before SHIPP, J., Florence, June, 1910.   Affirmed.

Action by C. P. Johnson against S. P. Lawrence.
Defendant appeals from the following decree:

"Some time in the latter part of the year 1909, the plaintiff, C. P. Johnson, approached one Curtis Matthews, who
was engaged in business at Elim, South Carolina, conducting a mercantile business and owning a stock of merchandise which was contained in a store building located on
the Lynch place, then in possession of the defendant, S. P.
Lawrence, for the purpose of negotiating the purchase of
this stock of merchandise and mercantile business from
Matthews.   Johnson finally agreed to pay Matthews full
value for the stock of merchandise, provided he could get
possession of the Lynch place, then in possession of Lawrence and upon which the store building was located.   He
accordingly approached Lawrence, who agreed to turn over
to him this Lynch or Bigham place if he should purchase
the stock of goods from Matthews, this agreement being
as follows:

" 'Effingham, S. C., December 28, 1909.

" 'This is to certify that I, S. P. Lawrence, do agree to
deliver to C. P. Johnson the premises now occupied by me,
known as the Bigham or Lynch place, which is the place at
which I now reside, situated at Elim, S. C., on or before
January 15, 1910.

It is further agreed that I am not to move unless said C. P. Johnson do buy and come in possession of the stock of merchandise in the store now occupied by C. Matthews by this date, as mentioned above, January 15, 1910.

And it is further agreed that the said premises shall not be subrented to any one else, but shall be occupied by the said C. P. Johnson, otherwise this contract is void.

                                    S. P. LAWRENCE,
Signed in the presence of           C. P. JOHNSON.
    M. C. COLLINS.'

"In accordance with his contract, Johnson purchased the stock of merchandise and the mercantile business from Matthews and paid him full value therefor, but when he demanded of the defendant possession of the tract of land in question the defendant refused to turn the same over to him, whereupon he brought this action for a decree of specific performance. The sole defense set up is that the agreement cannot be specifically performed because there was no consideration moving to Lawrence.

"After full examination of the testimony, I am satisfied that it conclusively shows that Johnson paid full value for the stock of goods; that he would not have purchased the stock of goods for full value if Lawrence had not agreed to deliver to him this Lynch or Bigham place; that at that time Lawrence had been renting this place for several years, from year to year, and that his lease was about to expire, and that as he was contemplating moving from the community, it was the intention that Johnson should come in and take his place as the tenant of the premises, and, although Johnson has fully performed his agreement, Lawrence has utterly failed to carry his out.

"The law is well settled that a consideration to support an agreement need not of necessity be a pecuniary one nor even a beneficial one to the person promising. If it be a loss, or even an inconvenience to the promisee, it is enough. *Corbett* v. *Cochran,* 3 Hill 41; *Violet* v. *Patton,* 5 Cranch

32—88

142 (3 L. Ed. 61); *Hamer* v. *Sidway,* 12 L. R. A. 463; *Talbott* v. *Stemmons,* 5 L. R. A. 856; 9 Cyc. 311-316.

"Under this principle I hold that the contract is supported by a consideration,, and that the plaintiff, having performed his part, is entitled to specific performance.

"It is, therefore, ordered, adjudged and decreed, that the defendant forthwith deliver to plaintiff possession of the Lynch or Bigham place, mentioned in the contract, a description of which is as follows: * * *."

*Mr. J. P. McNeill,* for appellant, cites: 13 Am. Dec. 568; 15 Am. Dec. 270; 9 Cyc. 316; 51 S. E. 622; 2 Strob. 72; 7 Am. Dec. 513; 1 Hill Eq. 51.

*Messrs. Willcox & Willcox* and *Henry E. Davis,* contra, cite: 12 L. R. A. 463; 5 L. R. A. 856; 9 Cyc. 311-5; 3 Hill 41; 5 Cranch. 142; 9 Cyc. 316.

April 27, 1911.  The opinion of the Court was delivered by

MR. CHIEF JUSTICE JONES.  The decree of the Circuit Court herewith reported, is affirmed for the reasons therein stated.

---

## 7884

### EUREKA COTTON MILLS v. WESTERN UNION TEL. CO.

1. A TELEGRAPH COMPANY is an independent contractor or common carrier of intelligence for hire and is liable in tort to sender or addressee for the breach of its public duty.

   MR. JUSTICE WOODS *dissents as to the doctrine last stated.*

2. SUBROGATION.—A TELEGRAPH COMPANY is liable to the sender of a message for its negligence in leaving out of the message delivered certain words whereby the sender was made to offer to addressee goods at a lower price than in the initial message for the loss sustained by it in complying with the offer so altered.